## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALVIN WASHINGTON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-0888** |
| | : | |
| **UNITED STATES,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                **JUNE 27, 2022**

Plaintiff Alvin Washington, a convicted prisoner currently incarcerated at SCI Houtzdale, has filed a *pro se* Complaint naming the United States as the Defendant.  (ECF No. 3.) ("Compl.")  Washington has also filed a Motion for Leave to Proceed *in Forma Pauperis* and an inmate account statement.  (ECF Nos. 1, 2.)  For the following reasons, Washington will be granted leave to proceed *in forma pauperis,* his claim based on Federal Rule of Criminal Procedure 41(g) will be dismissed with prejudice against the United States, and the remainder of his Complaint will be stayed pending resolution of pending state court proceedings

## I.      FACTUAL ALLEGATIONS[1]

 Washington asserts a claim for the return of the value of his car, which was seized in the course of state court criminal proceedings against him.  He asserts his claim pursuant to Federal Rule of Criminal Procedure 41(g).  (ECF No. 3 at 1.)  Washington alleges that on September 18, 2013, he was arrested on attempted murder and related charges, and that on the same day, the City of Reading seized his 2001 Toyota Avalon LX pursuant to a search warrant.  (*Id.*)

---

[1] The allegations set forth in this Memorandum are taken from Washington's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Washington claims he was not provided with the warrant and was not aware that the car had been seized.  (*Id.*)  He alleges that the car was not used during the commission of a crime and did not contain any contraband that would warrant its seizure or forfeiture.  As a result, he asserts that he is entitled to return of the car.  (*Id.*)

Washington alleges that he pled guilty to a single charge of aggravated assault on January 20, 2015 and was sentenced to 9 to 20 years' imprisonment.  Washington alleges that in October 2015, he received his criminal case discovery package from the Berks County Public Defender's Office and learned for the first time that his car had been seized.  (*Id.*)  Washington claims that on October 19, 2015, he filed a *pro se* motion for return of property in state court, but the motion was denied as Washington was then represented by counsel in PCRA proceedings, and counsel declined to pursue the motion.  (*Id.*)  Washington alleges that he filed a second *pro se* motion for return of his car on June 2, 2016.  (*Id.* at 2.)  It appears that upon receipt of the Commonwealth's response to his motion, he learned that Vince Towing had sent certified letters to Washington advising him to claim the car.  Washington alleges that he did not receive those letters.  The City of Reading allegedly released its interest in the car to Vince Towing on December 9, 2013 and, therefore, the car is no longer in the possession of the Commonwealth and cannot be returned. Washington's second motion was allegedly denied pursuant to *Commonwealth v. Allen*, 107 A.3d 709, 717 (Pa. 2014), which held that "[a] Defendant must file this type of motion in the trial court while that court retains jurisdiction, which is up to thirty days after disposition of his criminal case.  Failure to do so results in waiver of any entitlement to the return of the property." (Compl. at 2, quoting *Allen*, 107 A.3d at 717.)  Washington alleges that he filed a third *pro se*

motion for return of his car in the trial court on September 27, 2019, and that the motion remains pending.[2]  (*Id.* at 3.)

Washington claims that he has shown due diligence in filing three motions pursuant to 234 Pa. Code Rule 588[3] in the appropriate state trial court, and that he is entitled to equitable tolling of any applicable statute of limitations because he did not learn that his car had been seized until months after judgment had been entered against him.  (*Id.* at 2-3.)  He contends that the trial court's treatment of his motions constitutes extraordinary circumstances, and that "[s]ince the state courts [sic] has shown a defiant determination to not return the Petition[er] his property in spite of what the law requires them to do, the Petitioner must now seek relief in the federal court to right the wrong that has been bestowed upon him."  (*Id.* at 4.)  Washington seeks recovery of $9,350.00, which he alleges was the value of his car when it was forfeited to Vince Towing, plus interest, in addition to costs and fees.  (*Id.*)

## II.   STANDARD OF REVIEW

Because Washington appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions

---

[2] The publicly available docket reflects that Washington's first motion for return of property was denied on November 25, 2015, his second was denied on September 12, 2016, and the third, filed on September 27, 2019, is still pending.  *See Commonwealth v. Washington*, No. CP-06-CR-5006-2013 (C.P. Berks).

[3] Relevantly, Rule 588 provides: "(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.  Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized."  234 Pa. Code Rule 588(A).

[4] Because Washington is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the full filing fee in installments.

to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Stevens is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

### A.    Applicability of Fed. R. Crim. R. 41(g)

In an effort to recover the value of the car seized in the course of his state court criminal proceedings, Washington invokes Fed. R. Crim P. 41(g). However, the Federal Rules of Criminal Procedure, except in limited circumstances that are not present here,[5] are only applicable to criminal proceeding in federal courts. *See* Fed. R. Crim. P. 1(1) ("These rules govern the procedure in all criminal proceedings in the United States District courts, the United States courts of appeals, and the Supreme Court of the United States.") Washington alleges that his car was seized in the course of state court criminal proceedings. A search of this Court's docket reveals no pending or resolved federal criminal matters involving Washington. Accordingly, Fed R. Crim. P. 41(g) is not applicable in these circumstances.

Even if Rule 41(g) was somehow applicable, Washington seeks recovery of the money damages for the value of the car rather than the property itself. However, the United States Court of Appeals for the Third Circuit has held that Rule 41(g) "provides for one specific remedy – the return of property."[6] *United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000) (holding that as a result of Government's immunity from suit, district court lacked subject matter jurisdiction over claim for monetary damages). *See also Pitts v. United States*, 228 F. Supp.3d 412, 418 (E.D. Pa. 2017) (citations omitted) ("A majority of courts . . . have declined to interpret Rule 41(g) as a waiver of sovereign immunity that would permit a claimant to receive damages in lieu of tangible property – including money – that the government has lost or destroyed.") Because Washington seeks money damages from the United States, his claim is also barred by sovereign immunity. Accordingly, his claim will be dismissed with prejudice.

---

[5] Fed. R. Crim P. 1(2) provides, "When a rule so states, it applies to a proceeding before a state or local judicial officer." Fed. R. Crim. P. 41(g) does not state that it applies to proceedings before state or local judicial officers. *See* Fed. R. Civ. P. 41(g).

[6] Notably, Washington does not allege that his car was ever in the possession of the United States or any of its agencies or representatives.

**B.      Due Process Claim Against the United States**

Washington alleges that "extraordinary circumstances," namely, the trial court's delayed

resolution of his pending Rule 588 motion, have required him to seek relief in federal court,

(Compl. at 4) but he does not identify any provision of the United States Constitution, or any law

or treaty of the United States as a basis for his claim.  Upon review, the Court liberally construes

the Complaint to be attempting to assert a federal constitutional claim pursuant to *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971).  However,

as the only Defendant named by Washington is the United States, any attempt to state a *Bivens*

claim fails as well due to the bar of sovereign immunity.  *See Corr. Servs. Corp. v. Malesko,* 534

U.S. 61, 72 (2001) (holding that *Bivens* claims against the United States are barred

by sovereign immunity, absent an explicit waiver); *F.D.I.C. v. Meyer,* 510 U.S. 471, 486 n. 11

(1994); *Jaffee v. United States,* 592 F.2d 712, 717 (3d Cir. 1979).  Accordingly, all claims

against the United States are dismissed with prejudice.

**C.      Due Process Claim against the City of Reading or Vince Towing**

Again granting a liberal construction to Washington's Complaint, he may also be

attempting to assert a due process claim against the City of Reading or others pursuant to 42

U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

There are three kinds of § 1983 claims that may be brought under the Due Process Clause of the Fourteenth Amendment. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). First, a plaintiff may bring suit under § 1983 for a violation of his specific rights as guaranteed by the Bill of Rights. *Id.* Second, a plaintiff may assert a Fourteenth Amendment claim under the "procedural" aspect of the Due Process Clause, which guarantees fair procedure for the deprivation of a constitutionally protected interest in life, liberty, or property. *Id.* Third, a plaintiff may assert a claim under the "substantive" prong of the Due Process Clause, which bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them. *Id.* (quoting *Daniels v. Williams,* 474 U.S. at 331)). Washington's claim appears to fall within the second category.

The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing before the government can deprive an individual of a liberty or property interest. To establish a procedural due process violation, a person must first demonstrate that he has been deprived of a constitutionally protected property or liberty interest. *Daniels,* 474 U.S. at 339; *Renchenski v. Williams,* 622 F.3d 315, 325 (3d Cir. 2010). Only upon finding that a protected interest is asserted does a court consider the constitutional sufficiency of the procedures associated with the interest. If a liberty or property interest is found, the next step in the due process inquiry is to determine what process is due. Due process is not a technical conception with a fixed content unrelated to time, place, and circumstance. *Gilbert v. Homar,* 520 U.S. 924, 930 (1997). Rather, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972).

Washington alleges that his car was seized by the City of Reading pursuant to a warrant, that the City subsequently relinquished its interest in the car to Vince's Towing, and that the car is, therefore, no longer available for return. Washington alleges that he did not receive any of the notices related to the seizure or possession of the car by the City or the towing company until years after the events occurred.  However, he impliedly concedes that process is available to him because alleges that he has filed three *pro se* motions under 234 Pa. Code Rule 588 governing return of seized property.  His complaint is that his first two motions were denied and the third has remained pending for more than two years.  The Court offers no opinion at this time as to the plausibility of a due process claim, because the pendency of a state court proceeding requires this Court to abstain from adjudicating such a claim.

### D.    Younger Abstention

Abstention "is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue."  *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding."  *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). "*Younger* abstention is only appropriate in three types of underlying state cases:  (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function."  *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted).

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system."  *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992).  The specific elements

that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54.  The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

The *Younger* requirements are clearly met in this case.  First, Washington's claim under Rule 588 is still pending.  Second, the state proceedings implicate the important interest of enforcing the Commonwealth's procedures governing seized property.  Third, the pending proceedings provide Washington an adequate opportunity to argue in the state forum that his vehicle was seized without proper notice.  This Court may assume that the state procedures will protect his interests.  *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.").  Further, there is nothing in the Complaint to indicate that Washington falls within any of the narrow exceptions to the *Younger* doctrine. *See also Marks v. Stinson*, 19 F.3d 873, 882 (3d Cir. 1994) ("A federal court will only consider *Younger* abstention when the requested relief would constitute federal interference in state judicial or quasi-judicial proceedings").  Accordingly, it is appropriate to abstain from entertaining any claim in the Complaint against a party other than the United States out of

9

deference to the state judicial process.  *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003) (noting that "*Younger* has been applied to civil enforcement proceedings and other civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions")

## IV.    CONCLUSION

For the reasons stated, Washington's motion for leave to proceed *in forma pauperis* will be granted.  His claim based on Fed. R. Crim. P. 41(g) will be dismissed with prejudice against the United States and the remainder of his Complaint will be stayed pending resolution of state court proceedings.  An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**